*WARNER, J.
The error assigned to the judgment of the Court below in-this case, is the overruling the plaintiff’s motion for a new -trial on the several grounds specified therein. The main and controlling question on the trial of the case, was whether *195 Newton, the purchaser of the cotton, by a subsequent agreement with Price, had waived his right, under the contract, to have the balance of the cotton packed, and consented to let the cotton of the crop of 1861 remain as it then was, unpacked, in the gin-house of Price, the vendor, at the risk of Newton, the purchaser. In regard to this main and controlling question in the case, the evidence in the record is conflicting and contradictory. Did the Court below, in submitting this main and controlling question in the case to the jury, commit such errors in law as will authorize this Court to set the verdict aside and grant a new trial? This is a Court for the correction of errors in law, and not a Court for the correction of questions of fact found by the jury. Although this Court, had it been in the jury box, might have found a different verdict, still, it has no legal power or. authority, to interfere with the verdicts of juries, unless the same are rendered without evidence to support them, or are decidedly and strongly against the weight of the evidence. In such cases the verdict is illegal, and the Court may set it aside as being contrary- to law. But if the evidence is conflicting and contradictory as to a material point in the case, it is the exclusive province of the jury to judge of the credibility of the .witnesses, and to give such weight to their evidence as they may think proper, in view of their interest in the question, their relation to the parties, and all the circumstances connected with the transaction under investigation. If the jury think proper to believe one set of witnesses, in preference to others, it is their province to do so, and this .Court has no legal power or authority to control or set aside their judgment in relation to such matters. If there is sufficient evidence in the record to sustain the verdict, then it is a legal verdict, and the Courts have no legal right to interfere with it, unless there was some ^material principles of law violated by the Court in the submission of the questions of fact to the jury.
It is insisted in this case, that the Court erred in allowing the letter of the 10th of July, 1866, written by Price to Newton, to be read in evidence. It is undoubtedly true, as a general rule, that a party cannot, by writing a letter making a certain statement of facts, be allowed thus to manufacture evidence for himself and use it for his own benefit; but the letter offered in this case was one of a series of letters which had been written by the respective parties in relation to the same transaction, and was written in reply to one written by the plaintiff to the defendant which was lost or destroyed. The letters written by Newton to Price, in reply to the letters of the latter, being lost or destroyed, it would have been competent for Newton, who was examined as a witness, to have proved the contents of the letters written by him to Price, had he desired to have done so. In view of the facts of this case, and as explanatory of the conduct of the parties as con *196 nected with the cotton transaction, we think the letter was properly admitted in evidence.
In reviewing the charge of the Court to the jury on the main question in the case, taking it all together, we find no material error which might or ought to have produced a different result. If taking all the instructions of the Court to the jury collectively, the law seems to have been properly expounded to the jury, the judgment will not be reversed, though some one opinion may be erroneous. The correctness of a charge must be determined by the whole taken together: Terry v. Buffington, 11th Georgia Reports, 338.
Let the judgment of the Court below be affirmed.